CITIZENS SAVINGS BANK vs. GENNARO TURCONE et al.

JUNE 25, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, and Hahn, JJ.

SWEENEY, J. This action of assumpsit was brought against Mr. and Mrs. Turcone, as makers, and three indorsers on a note secured by a mortgage upon real estate. Only two of the indorsers, Kiernan and Paquin, answered and each filed a plea of the general issue. At the close of the plaintiff's testimony the trial justice directed the jury to return a verdict for these two indorsers and for the plaintiff against the makers and the third indorser. The case is before this court on plaintiff's exceptions to the direction of a verdict for the two indorsers.

Plaintiff is the payee and holder of a note for $5,500, dated February 18, 1929, which was made payable one year after date. The note was delivered to the payee on its date. On the back of the note was stamped: "I hereby waive protest, notice of protest, and demand on within note and hold myself as duly bound as if same had been legally protested and I had been notified thereof." This statement was dated October 16, 1929, and was signed by defendant Kiernan. A similar statement dated October 16, 1931, was signed by defendant Paquin and a like statement dated February 17, 1932, was signed by defendant Resoski. Plaintiff sold the property for $4,400 at a mortgage foreclosure sale August 4, 1932. This action is brought to recover the balance due on the note which was proved to be $1,639.07.

Plaintiff's evidence shows that Kiernan indorsed the note nearly eight months after it was delivered to the payee and

that Paquin indorsed the note nearly two years and eight months thereafter. Plaintiff proved no consideration for these indorsements. On these facts the court did not err in directing a verdict for these indorsers. "The general rule sustained by the great weight of authority is that the undertaking of one not a party to the original transaction, who, in pursuance of some subsequent arrangement, signs as surety, guarantor or indorser after the original contract has been fully executed and delivered, is a new and independent contract, and to be binding must be supported by a new and independent consideration from that of the original contract." 3 R. C. L. 928; 8 C. J. 83; *Devitt* v. *Foster*, 74 A. L. R. (Miss.) 1092 and annotation; *Kohn* v. *Con. Butter & Egg Co.*, 63 N. Y. S. 265. This court applied this rule in *Bedrosian* v. *Manuelian*, 48 R. I. 40.

Plaintiff's exceptions are overruled and the case is remitted to the Superior Court for the entry of judgment on the verdict.

*Henshaw, Lindemuth & Baker*, for plaintiff.
*Joseph C. Cawley*, for defendants Kiernan & Paquin.